UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY JAMERSON,

    *Plaintiff,*

    *v.*

Case No: 2:26-cv-423

VILLAGE OF GERMANTOWN AND JUSTIN PESCH,

    *Defendants.*

---

## COMPLAINT

---

Plaintiff Jeffrey Jamerson, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. This is a lawsuit for money damages brought under 42 U.S.C. § 1983 to redress the deprivation, under color of law, of Jeffrey Jamerson's constitutional right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.

2. On February 2, 2026, Village of Germantown Police Department Sergeant Justin Pesch illegally detained Jamerson and searched his vehicle without a warrant or any valid exception to the warrant requirement.

3. Plaintiff seeks actual or compensatory damages against Defendants, and because Pesch acted in reckless disregard for Plaintiff's rights, punitive damages, plus the

costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). Defendant Village of Germantown is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Jeffrey Jamerson is an adult resident of the state of Wisconsin and the County of Milwaukee.

7. Defendant Village of Germantown is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Justin Pesch at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS. STAT. § 895.46.

8. Defendant Village of Germantown is sued as an indemnitor.

9. Defendant Justin Pesch was, at the time of this occurrence, employed as a sergeant in the Village of Germantown Police Department. At all times relevant to this action, Defendant Pesch engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

2

10. At all times relevant to this action, Defendant Pesch was acting under color of state and local law.

11. At all times relevant to this action, Defendant Pesch engaged in the conduct complained of within the scope of his employment with the Village of Germantown.

**FACTS**

12. On February 2, 2026, Plaintiff Jeffrey Jamerson was driving his car with a passenger when Defendant Pesch activated the emergency lights and siren of his squad car and conducted a traffic stop of Jamerson's car.

13. Defendant Pesch pulled Plaintiff Jamerson over because he hadn't had his car emissions tested, which is required in Washington County, Wisconsin.

14. Pesch took Jamerson's driver's license, ran it through dispatch, and confirmed it was valid.

15. Pesch instructed Jamerson to exit the vehicle.

16. Once outside the vehicle, Pesch asked Jamerson for consent to search his person, and Jamerson consented.

17. Pesch then asked Jamerson for consent to search his car.

18. Jamerson said that Pesch could search the car as he had nothing to hide but asked Pesch whether he had probable cause.

19. Pesch told Jamerson that he did not have probable cause.

20. Jamerson said that he wasn't voluntarily consenting to Pesch searching the car and that Pesch could not search the car without probable cause.

3

21. Instead of writing Jamerson a ticket for an expired registration (or giving him a warning), Pesch called for multiple backup officers and unlawfully extended the traffic stop to perform a drug investigation and a K9 sniff of Jamerson's vehicle.

22. Pesch never started working on a citation or warning for the emissions testing violation.

23. Pesch claimed that his K9 positively alerted to Jamerson's vehicle.

24. Pesch then searched Jamerson's vehicle.

25. Pesch did not find any contraband inside Jamerson's vehicle.

26. At the conclusion of the traffic stop, Pesch did not issue Jamerson a written citation or warning; instead, he told him to update his registration after he obtained the appropriate emissions testing.

27. As a direct and proximate result of the acts of Defendant, as detailed above, Plaintiff has suffered, *inter alia*, a violation of his privacy, emotional suffering, mental distress, humiliation, loss of liberty, and incurred expenses.

### COUNT I:
### 42 U.S.C. § 1983 Claim for Unreasonable Extension of Traffic Stop

28. Plaintiff realleges the above paragraphs.

29. Defendant Pesch unlawfully extended the seizure of Plaintiff by deviating from the original mission of the traffic stop without reasonable suspicion to do so.

30. Defendant Pesch thus violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Pesch and because he acted in reckless

4

disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

## COUNT II:
### 42 U.S.C. § 1983 Claim for Unreasonable Search of Car

31. Plaintiff realleges the above paragraphs.

32. Defendant Pesch unlawfully searched Plaintiff's car without reasonable suspicion, probable cause, consent, a warrant, or an exception to the warrant requirement in violation of Plaintiff's Fourth Amendment rights.

33. Upon information and belief, Defendant Pesch's K9 did not alert on the car, even though Pesch said that it did.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Pesch and because he acted in reckless disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

## COUNT III:
### Indemnification Claim Against Village of Germantown

34. Plaintiff realleges the above paragraphs.

35. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

36. At all times relevant to this action, Defendant Pesch engaged in the conduct complained of while on duty and in the course and scope of his employment with Village of Germantown.

5

WHEREFORE, Plaintiff asks this Court to find that Village of Germantown is liable to defend this action against Defendant Pesch and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, under FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 17 March 2026,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob A. Idlas
  Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com

6