UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY JAMERSON,

              Plaintiff,

                                  Case No. 2:26-cv-423

v.

VILLAGE OF GERMANTOWN and
JUSTIN PESCH,

              Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF VILLAGE OF GERMANTOWN AND JUSTIN PESCH

As its answer to the complaint in the above-captioned action, the Defendants, Village of Germantown and Justin Pesch (collectively, "Answering Defendants"), admit, deny and allege as follows:

### INTRODUCTION

1. This is a lawsuit for money damages brought under 42 U.S.C. § 1983 to redress the deprivation, under color of law, of Jeffrey Jamerson's constitutional right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, deny the same.

2.     On February 2, 2026, Village of Germantown Police Department Sergeant Justin Pesch illegally detained Jamerson and searched his vehicle without a warrant or any valid exception to the warrant requirement.

**ANSWER**:   The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

3.     Plaintiff seeks actual or compensatory damages against Defendants, and because Pesch acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

**ANSWER**:   The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

**ANSWER**:   The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants admit that the Court has jurisdiction over the federal claims alleged in the Complaint and has pendent jurisdiction over state law claims; however, Answering Defendants deny that a private cause of action for indemnification exists under Wisconsin law and therefore further deny that a state law claim for indemnification has been pled; Answering Defendants deny all other allegations in Paragraph 4.

2

5. Venue is proper under 28 U.S.C. § 1391(b). Defendant Village of Germantown is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants admit that venue is proper over the claims alleged in this matter, and that the Village of Germantown is a political subdivision of Wisconsin located within this judicial circuit; as to all other allegations in Paragraph 5, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, deny the same.

## PARTIES

6. Plaintiff Jeffrey Jamerson is an adult resident of the state of Wisconsin and the County of Milwaukee.

**ANSWER**: Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, deny same.

7. Defendant Village of Germantown is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Justin Pesch at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS STAT. § 895.46.

**ANSWER**: Answering Defendants admit that the Village of Germantown is a political subdivision of the State of Wisconsin and was the employer of Justin Pesch on the date

identified in the Complaint. As to all other allegations in Paragraph 7, Answering Defendants state the allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants state the allegations contain an incomplete statement of Wisconsin law and that Wis. Stat. § 895.46 speaks for itself, and accordingly, deny the same.

8. Defendant Village of Germantown is sued as an indemnitor.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants state Wis. Stat. § 895.46 does not provide a private cause of action for indemnification and does not allow Plaintiff to sue the Village of Germantown for damages (*see e.g., Jackson v. Graves*, No. 14-cv-1206, 2015 U.S. Dist. LEXIS 126841, at *8 (E.D. Wis. Sept. 22, 2015), and accordingly, deny.

9. Defendant Justin Pesch was, at the time of this occurrence, employed as a sergeant in the Village of Germantown Police Department. At all times relevant to this action, Defendant Pesch engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

**ANSWER**: Answering Defendants admit the first sentence of Paragraph 9 and further admit that that on February 2, 2026 he was a duly appointed sworn law enforcement officer but specifically deny any allegation that Plaintiff's rights were violated.

10. At all times relevant to this action, Defendant Pesch was acting under color of state and local law.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants admit.

4

11. At all times relevant to this Action, Defendant Pesch engaged in the conduct complained of within the scope of his employment with the Village of Germantown.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants admit Pesch was within the scope of his employment but specifically deny any allegation that Plaintiff's rights were violated.

**FACTS**

12. On February 2, 2026, Plaintiff Jeffrey Jamerson was driving his car with a passenger when Defendant Pesch activated the emergency lights and siren of his squad car and conducted a traffic stop of Jamerson's car.

**ANSWER**: Answering Defendants admit.

13. Defendant Pesch pulled Plaintiff Jamerson over because he hadn't had his car emissions tested, which is required in Washington County, Wisconsin.

**ANSWER**: Answering Defendants admit that Pesch pulled Plaintiff Jamerson over because the vehicle's license plates were suspended for emissions and deny all other allegations in paragraph 13 not consistent with the foregoing.

14. Pesch took Jamerson's driver's license, ran it through dispatch, and confirmed it was valid.

**ANSWER**: Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, deny same.

15. Pesch instructed Jamerson to exit the vehicle.

**ANSWER**: Answering Defendants admit.

5

16. Once outside the vehicle, Pesch asked Jamerson for consent to search his person, and Jamerson consented.

**ANSWER**: Answering Defendants admit.

17. Pesch then asked Jamerson for consent to search his car.

**ANSWER**: Answering Defendants admit that Pesch asked Jamerson for consent to search the vehicle but deny any allegation in paragraph 17 that the request occurred immediately after searching Jamerson's person.

18. Jamerson said that Pesch could search the car as he had nothing to hide but asked Pesch whether he had probable cause.

**ANSWER**: Answering Defendants admit.

19. Pesch told Jamerson that he did not have probable cause.

**ANSWER**: Answering Defendants admit that Pesch answered Jamerson's question to say that he did not have probable cause at that point in time.

20. Jamerson said that he wasn't voluntarily consenting to Pesch searching the car and that Pesch could not search the car without probable cause.

**ANSWER**: Answering Defendants admit.

21. Instead of writing Jamerson a ticket for an expired registration (or giving him a warning), Pesch called for multiple backup officers and unlawfully extended the traffic stop to perform a drug investigation and a K9 sniff of Jamerson's vehicle.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

6

22. Pesch never started working on a citation or warning for the emissions testing violation.

**ANSWER**: Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, deny same.

23. Pesch claimed that his K9 positively alerted to Jamerson's vehicle.

**ANSWER**: Answering Defendants admit that Pesch's K9 positively alerted to Jamerson's vehicle, that Pesch informed Jamerson of the same, and deny all other allegations in Paragraph 23.

24. Pesch then searched Jamerson's vehicle.

**ANSWER**: Answering Defendants admit.

25. Pesch did not find any contraband inside Jamerson's vehicle.

**ANSWER**: Answering Defendants admit and further state that during the search Pesch observed what appeared to be shake.

26. At the conclusion of the traffic stop, Pesch did not issue Jamerson a written citation or warning; instead, he told him to update his registration after he obtained the appropriate emissions testing.

**ANSWER**: Answering Defendants admit.

27. As a direct and proximate result of the acts of Defendant, as detailed above, Plaintiff has suffered, *inter alia*, a violation of his privacy, emotional suffering, mental distress, humiliation, loss of liberty, and incurred expenses.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

7

## COUNT I:
## 42 U.S.C. § 1983 Claim for Unreasonable Extension of Traffic Stop

28. Plaintiff realleges the above paragraphs.

**ANSWER**: Answering Defendants reallege and incorporate by reference the answers to the above paragraphs.

29. Defendant Pesch unlawfully extended the seizure of Plaintiff by deviating from the original mission of the traffic stop without reasonable suspicion to do so.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

30. Defendant Pesch thus violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

## COUNT II:
## 42 U.S.C. § 1983 Claim for Unreasonable Search of Car

31. Plaintiff realleges the above paragraphs.

**ANSWER**: Answering Defendants reallege and incorporate by reference the answers to the above paragraphs.

32. Defendant Pesch unlawfully searched Plaintiff's car without reasonable suspicion, probable cause, consent, a warrant, or an exception to the warrant requirement in violation of Plaintiff's Fourth Amendment rights.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

33. Upon information and belief, Defendant Pesch's K9 did not alert on the car, even though Pesch said that it did.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants deny.

**COUNT III:**
**Indemnification Claim Against Village of Germantown**

34. Plaintiff realleges the above paragraphs.

**ANSWER**: Answering Defendants reallege and incorporate by reference the answers to the above paragraphs.

35. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

**ANSWER**: The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants state that the allegations contain an incomplete statement of Wisconsin law, that Wis. Stat. § 895.46 speaks for itself, and that Wis. Stat. § 895.46 does not provide a private cause of action against a municipality for indemnification (*see e.g., Jackson v. Graves*, No. 14-cv-1206, 2015 U.S. Dist. LEXIS 126841, at *8 (E.D. Wis. Sept. 22, 2015)) and, accordingly, deny the allegations.

36. At all times relevant to this action, Defendant Pesch engaged in the conduct complained of while on duty and in the course and scope of his employment with Village of Germantown.

9

**ANSWER**:   The allegations contain statements of law to which no response is required; to the extent a response is required, Answering Defendants admit Pesch was on duty and within the scope of his employment but specifically deny any allegation that Plaintiff's rights were violated.

The allegations contained herein are restated for the convenience of the Court, to the extent there is a discrepancy between the Complaint and foregoing answer, Answering Defendants deny all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendants affirmatively allege as follows:

1.      Plaintiff has failed to state a claim upon which relief can be granted against one or both Answering Defendants.

2.      Wisconsin's indemnification statute, Wis. Stat. § 895.46, does not provide a private cause of action for indemnification and does not allow Plaintiff to sue the Village of Germantown for damages (*see e.g., Jackson v. Graves*, No. 14-cv-1206, 2015 U.S. Dist. LEXIS 126841, at *8 (E.D. Wis. Sept. 22, 2015)).

3.      Plaintiff may have failed to mitigate his damages, if any.

4.      Any alleged state-law based claims and/or damages may be limited or barred in whole or in part by the Wisconsin Statutes, including but not limited to Wis. Stat. § 893.80.

5.      Answering Defendants are immune from any and all liability in this case on the basis of qualified immunity.

6.      Answering Defendants at all times acted in good faith.

10

7. Plaintiff and his passenger were subject to search authorized by 2013 Wisconsin Act 79 and/or rules of supervision.

8. Answering Defendants enjoy all the immunities, privileges and limitations on actions afforded by common law, state and federal constitutions, statutes and regulations, local laws and regulations.

9. The injuries and damages of which Plaintiff complains were caused by his failure to exercise ordinary care or judgment.

10. Plaintiff is not entitled to punitive damages against one or both Answering Defendants.

11. Answering Defendants' conduct in this case was reasonable in light of the totality of circumstances facing them at all times relevant to this action.

12. Defendant Pesch had sufficient basis to both stop the vehicle and continue his investigation on the day in question.

13. Defendant Pesch had sufficient basis to search the vehicle on the day in question.

14. Answering Defendants are immune from suit and liability for actions performed in discharge of official duties, which were discretionary in nature, performed in good faith and in belief that they were necessary to discharge their duties.

15. None of the Answering Defendants' alleged actions were taken with a deliberate indifference to any alleged risk that a violation of a person's constitutional or statutory right will follow the action.

16. The Answering Defendants state that discovery has not yet commenced and, as a result, that they reserve the right to assert additional affirmative defenses as may be appropriate under the facts as they are developed in discovery.

WHEREFORE, Defendants Village of Germantown and Justin Pesch demand judgment dismissing all claims stated in the Complaint against them on their merits and with prejudice, together with the costs, disbursements, and attorneys' fees which they incur in the defense of this action and which are allowed by law.

Defendants demand a trial by jury.

Dated: May 15, 2026.

STAFFORD ROSENBAUM LLP

*Electronically signed by Kyle W. Engelke*
Kyle W. Engelke, SBN 1088993
James B. Woywod, SBN 1094263
*Attorneys for Defendants, Village of Germantown and Justin Pesch*

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email:      kengelke@staffordlaw.com
             jwoywod@staffordlaw.com
608.256.0226

12